# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **LAURA TAYLOR MARYLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | _____ |
| **ALABAMA DEPARTMENT OF** | ) | |
| **ENVIRONMENTAL MANAGEMENT** | ) | |
| | ) | |
| | ) | **PLAINTIFF DEMANDS A** |
| **Defendants.** | ) | **TRIAL BY STRUCK JURY** |

## COMPLAINT

## PARTIES

1. Plaintiff, Laura Taylor Maryland, a Black Female individual, is over the age of 40, and is a citizen of the State of Alabama.

2. Defendant, Alabama Department of Environmental Management is a State Agency, and entity and employer incorporated under the laws of the State of Alabama. Defendant has its principal places of business in the State of Alabama.

3. Defendant was Plaintiff's employer for all purposes under Title VII as amended and the ADEA, and the Laws of the State of Alabama during all times relevant to this complaint.

## JURISDICTION

4. The Court has jurisdiction over the lawsuit because the suit arises under 42 U.S.C. §1981, §1983, for violations of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967 (ADEA), 29

U.S.C. §623 et seq., including incorporated provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. and Retaliation.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)), §1367(a), 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state.

Venue is also proper in this district under 42 U.S.C. § 2000e-5(f)(3) because the employment records and other related records relevant to the alleged unlawful employment practice are maintained and administered in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On August 30, 2024, Plaintiff Laura Taylor Maryland timely filed a charge of discrimination (EEOC Charge No. 420-2024-04655) against Defendant Alabama Department of Environmental Management (ADEM) with the Equal Employment Opportunity Commission ("EEOC"). A copy of EEOC Charge No. 420-2024-04655 is attached hereto as Exhibit A.

8. On March 6, 2026, the EEOC issued a Dismissal and Notice of Rights ("Right to Sue Letter") for Charge No. 420-2024-04655. A copy of the EEOC Determination and Notice of Rights EEOC Charge No. 420-2024-04655 is attached hereto as Exhibit B.

9. Plaintiff files this her original complaint within 90 days after receiving the above-mentioned Determination and Notice of Rights. (Exhibit B).

**FACTS**

10.     Plaintiff was initially hired by ADEM in August of 1989.

11.     Plaintiff was later terminated from her position at ADEM.

12.     After filing a complaint of discrimination with the State of Alabama Personnel Board against ADEM in February of 1990 for her termination and a finding by the Board that the termination was unlawful Plaintiff was reinstated to the Agency.

13.     Plaintiff was an employee of good standing while performing her duties as a Senior Environmental Scientist until August of 2024.[1]

14.     Plaintiff was consistently rated by ADEM as "Exceed Standards" for her performance for over 34 years with the defendant.

15.     Plaintiff earned a Bachelor of Science in Biology and Chemistry from Alabama State University in 1986.

16.     Plaintiff also completed her Master of Science in Biology from Alabama State University as well.

17.     Plaintiff sought multiple promotions at ADEM using the guidelines set by the State Personnel Testing and Training Facility OES Register (OES Register").

18.     Plaintiff was on the requisite list of eligibles for each position she applied for relevant to this complaint.

19.     During all relevant times for this complaint, Mrs. Taylor was appropriately registered on the State Personnel Testing and Training Facility OES Register, Class 20616, Option:

---

[1] Plaintiff was an Environmental Scientist SR in ADEM's Water Division, Class Code: 20615, Position Number: 3547001.

000, Job Title: Environmental Scientist Supervisor, Type: Current Promotional, Band: Band 5.

20. Plaintiff has been on the certificate of eligibles for Environmental Scientist Supervisor since 1997 and has maintained her position on the list by re-taking the test, participating in mock role plays and meeting every change in requirements over the years.

21. ADEM failed to offer Plaintiff an interview for the vacant position of Chief of the Operator Certification Unit in the Permit and Services Division despite her name being on the register for the position and then hired Mr. Bobby Rowland a less qualified and less experienced male instead.

22. When Plaintiff sought information on why she was not interviewed for this position, she was told, "I thought you were going to retire after not being offered an interview, or words to that effect by Supervisor/Manager Alexander Chavers.

23. Plaintiff timely applied for Environmental Scientist ("ES"), Supervisor, Chief of the Petroleum Unit in the Construction Materials Section, Energy Branch, in the Air Division but was not selected a less qualified individual outside Plaintiff's protected characteristics was promoted instead.

24. Plaintiff asked to be interviewed for this position within the given deadline and interviewed on April 1, 2024. Mrs. Taylor was qualified for the promotion as her name appeared on the OES Register for the position at that time.

25. On April 3, 2024, ADEM selected Dorothy Mosley for the promotion, a White Female who was less qualified and less experienced than Plaintiff.

26. Plaintiff also applied for the position of Program Manager for the Compliance Unit in Field Operations and received an interview for the position by Chief of the AIR/Facility Section Gina Curvin on or about February 7, 2024.

27. Ms. Taylor was highly experienced and qualified for the position and her name was on the OES register for the position as well.

28. On or about February 16, 2024 ADEM selected a less experienced and less qualified White male for the position of Program Manager for the Compliance Unit in Field Operations, James Worely.

29. Plaintiff applied for the position of ES, Supervisor in Quality Services Unit of the Office of Environmental Quality on or about December 02, 2023.

30. Plaintiff requested an interview for this position within the given deadline but she was not interviewed or selected.

31. Plaintiff applied for the position of Chief of the Compliance Assurance section at ADEM prior to March 1, 2023.

32. On or about March 1,2023 Susan Summerlin was transferred / promoted to the Chief of the Compliance Assurance section at ADEM by Aubrey H. White, III, Chief of the Drinking Water Branch, Water Division at ADEM.

33. Susan Summerlin was promoted from the Mobile Alabama Division to the Montgomery Division despite an existing credible complaint that she used a racial epithet regarding a black employee while speaking with that black employee in her previous position in Mobile.

34. Plaintiff was on the Certificate of eligibles requested from the OES Register for the position of Compliance Assurance Section Chief that was vacant on January 15, 2023.

35.   Plaintiff received a rejection notice on December 27, 2023 informing her she was not selected for the ES, Supervisor in Quality Services Unit of the Office of Environmental Quality position.

36.   Plaintiff requested to be interviewed for the Chief of the Special Services Unit in the Stormwater Management Branch and was interviewed on or about December 7, 2023.

37.   Plaintiff was highly qualified for the position, and her name was on the OES register for the position.

38.   ADEM selected Clay James a less qualified and less experienced White male for the position of Chief of the Special Services Unit in the Stormwater Management Branch on or about December 20, 2023.[2]

39.   Plaintiff timely applied for the position of Chief of the Nonpoint Source Unit on or about March 17, 2023 and sought an interview for the position and her name was on the OES register for the position.

40.   ADEM selected a less qualified less experienced White female Heather Griffin for the Chief of the Nonpoint Source Unit position instead of Plaintiff on or about March 30, 2023.[3]

41.   Plaintiff applied for the open vacancy of Chief of the Air Services Unit on or about February 27, 2023.

---

[2] James had 22 years' experience at ADEM at the time but he had no experience in the stormwater or water Division in the Birmingham Division.

[3] Ms. Griffin had only 17 years' experience at ADEM at the time of her selection as opposed to Laura Taylor Maryland's over 30 years with ADEM at the time.

42. Plaintiff sought an interview for the position of Chief of the Air Services Unit and was interviewed on or about March 7, 2023.

43. ADEM selected a less experienced and less qualified White female Anna Wood for the Chief of the Air Services Unit on or about March 22, 2023, who was under the age of 40 at the time.[4]

44. Plaintiff applied for the ES, Chief of the Continuous Emissions Monitoring Unit in 2023.

45. Plaintiff requested to be interviewed for the position and was interviewed on or about March 6, 2023.

46. ADEM selected a less experienced and less qualified White female Brandy Tiblier for the ES, Chief of the Continuous Emissions Monitoring Unit position instead of the Plaintiff on or about March 22, 2023.

47. Plaintiff was also denied other promotions during this period when specifically White male Aaron Peters and White male Bobby Rowland were selected for vacant positions Plaintiff had also applied for on or about December21, 2023.[5]

48. Plaintiff was repeatedly assigned to train new employees within the Compliance Unit because of her extensive knowledge and experience in the Unit.

49. Plaintiff  was denied and interview for the open position of Compliance Unit Chief and Susan Summerlin a White female under the age of Forty (40) at the time was promoted to this position instead of the Plaintiff and Plaintiff was then directed to train Summerlin

---

[4] Ms. Wood's experience with the ADEM at the time was 10 years.

[5] Selectee Rowland had only 16 years' experience with ADEM and Peters had 18 years' experience with ADEM at the time of their promotions in contract to Plaintiff's 34 plus years of experience when she was denied these same promotions at ADEM.

for the positions for which Summerlin had no experience or expertise in while Plaintiff was denied the opportunity to apply for or be interviewed for on or about March 3, 2023.

50. Plaintiff spoke with supervisor Aubrey White on or about January 13, 2023 and told him she believed the reasons she was she was being repeatedly denied promotions for which she was highly qualified for base because of discrimination based on her race, sex and age.

51. The repeated denial of equal opportunity for promotions and advancement during times relevant to this complaint subjected Plaintiff to discrimination based on her race, age and sex which were the basis of her non-selection for these positions.

52. The repeated denial of equal opportunity for promotions and advancement during times relevant to this complaint subjected Plaintiff to discrimination based on her race, sex and age also constituted harassment and a hostile work environment from February of 1990 until her constructive discharge in August of 2024.

53. Plaintiff was also harassed and subjected to a hostile environment when she was repeatedly interrupted and falsely contradicted by Mr. Robert Compton a White male an ADEM engineer at the ARWA conference March 11, 2024 during a technical training session at ADEM.

54. During a discussion on March 11, 2024 that focused on daycare testing between Mr. Cedric Montgomery and Plaintiff, the presentation was abruptly and rudely interrupted multiple times by Robert Compton as Plaintiff explained the details of the regulations she was presenting during the session.

55. Compton inappropriately interrupted talked over Plaintiff in a disruptive and disrespectful manner.

56.     Compton's behavior towards Plaintiff was dismissive and inappropriate and motivated by discriminatory animus, especially considering Plaintiff's extensive knowledge and experience on the topic being discussed as the listed presenter.

57.     Cedric Montogomery, who was a part of the training session, confirms the conduct was completely unacceptable and undermined Plaintiff's professionalism and respect that are required to maintain a collaborative presentation environment.[6]

58.     Compton's disruptions interfered with and detracted from Plaintiff's presentation, harassed her and attempted to diminish her reputation, value and long history of contributions to ADEM for over 34 years.

59.     Those actions by Compton were clear examples of the discriminatory animus and bias Plaintiff has had to counter and endure since first joining ADEM over 34 years earlier.

60.     Despite Plaintiff's timely reporting of the race, sex, and age-based harassment and disrespect shown to her by Compton during the presentation and how upsetting it was to her Plaintiff's complaint was ignored.

61.     No ADEM supervisor or representative properly addressed or investigated Plaintiff's complaint of the race, sex, and age discrimination that motivated Compton's actions at the time.

62.     ADEM also discriminated against Plaintiff based on age, race, and sex when it transferred the lead and copper responsibilities from Plaintiff which she held for years to a White male engineer outside her area and never provided a viable explanation for when the transfer took place other than saying "it was highly technical".

---

[6] See Exhibit C attached the January 14, 2025 sworn statement of fellow ADEM employee Cedric Montgomery.

63. Multiple ADEM managers including Supervisor Aubrey White, and Daphne Lutz, Chief of the Water Division and possibly others were put on notice of Plaintiffs belief that her consistently being denied promotions and having duties removed from her were motivated by discrimination based on race, sex and age, and retaliation for her prior complaints of discrimination starting as far back as January 13, 2023 made directly to Supervisor Aubrey White.

64. Plaintiff also reported her concerns to Ms. Summerlin her supervisor, that a colleague Mr. Robert Compton disrespected and harassed her during her presentation at the ARWA conference for which he had no authority to do because the presentation concerned the daycare and schools lead testing program which was clearly outside his knowledge base and expertise.

65. Compton, who was not a presenter at the session attempted to embarrass and disparage Plaintiff by making statements suggesting he was correcting her presentation in front of the entire audience at the conference.

66. Compton's behavior was defamatory, embarrassing and humiliating to Plaintiff as Compton attempted to paint Plaintiff in a false light of incompetence lacking knowledge of the very matter she was presenting as a subject matter expert (SME).

67. No White ADEM employee was subjected to this type of disparate treatment by these Supervisors and Agents at ADEM like Plaintiff which deprived her of her right to contract and secure equal treatment under the law like a White employee.

68. Plaintiff suffered loss wages and benefits repeatedly due to Defendants' failure to promote her for these multiple positions that she was equally if not better qualified for

than the individuals promoted by ADEM instead of her including but not limited to the positions and non-promotions as outlined above in this complaint.

69.    Plaintiff was also unlawfully denied earned leave benefits and pay upon resigning from ADEM in the amount of the maximum 480 hours of accrued leave she had at the time of her resignation as retaliation for her prior complaints.

70.    This cumulative discriminatory treatment over Plaintiff's entire career at ADEM is evidence of a pattern and practice of unlawful discrimination by Defendant based on race, sex, age and retaliation.

71.    Soon after Plaintiff began to complain about discrimination and harassment in January of 2023 and beyond about her repeated non-selections for promotions and her beliefs that discrimination and retaliation were the true reasons for the adverse job actions she was facing Defendants subjected her to excess scrutiny and false claims of declining performance and lack of expertise in the performance of her duties.

72.    Because of the increasing harassment, acts of intimidation, denial of equal opportunity for promotion and advancement and attempts to subject Plaintiff to possible diminished roles and responsibilities and the continued excess scrutiny Plaintiff believed that if she continued to work at ADEM she would be terminated based on false pretenses and false claims of inferior performance of her assigned duties at ADEM.

73.    Plaintiff believed she had no other choice but to resign from ADEM in August of 2024 to avoid being terminated and possibly losing her accrued retirement and other benefits that could possibly be denied if she was terminated based on discrimination and retaliation.

74.    Plaintiff also knew that if she was terminated by ADEM based on discrimination and retaliation it would be a stain on her over thirty-four (34) years of outstanding service to

the Agency it would also serve as a roadblock to Plaintiff seeking comparable future employment elsewhere.

## COUNT I – DISCRIMINATION UNDER § 42 U.S.C. 1983

75.    Plaintiff adopts paragraphs 1-70 in support of this count as if fully incorporated herein.

76.    Plaintiff, Laura Taylor Maryland, was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely a Black female over the age of forty (40).

77.    Plaintiff was a Senior Environmental Scientist (SR) in ADEM's Water Division, Class Code: 20615, Position Number: 3547001.

78.    Defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 500 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

79.    This is a claim against Defendant ADEM and its Agents arising under Title VII of the Civil Rights Act of 1964, as amended.

80.    Susan Summerlin, Aubrey White, and Daphne Lutz were Plaintiff's supervisors and were empowered by their positions and ADEM to take tangible employment actions against Plaintiff.

81.    These supervisors and possibly others collectively and or individually participated in the denial of the promotions and other benefits in this complaint based on Plaintiff's race, Black.

82.    Defendant, ADEM is directly liable because it employed and negligently supervised Susan Summerlin, Aubrey White, and Daphne Lutz and others its agents while they

intentionally discriminated against Plaintiff by refusing to promote her to the positions she applied for and for which she was highly qualified and experienced at the time.

83. Defendant ADEM and its Agents knowingly and deliberately acquiesced in the discriminatory acts being committed by the Defendant's Supervisors and Agents without intervening to stop such discrimination.

84. Defendant ADEM is strictly liable for Susan Summerlin, Aubrey White, and Daphne Lutz's discriminatory conduct because Summerlin, White, and Lutz took tangible employment action against plaintiff that significantly changed plaintiff's employment status by repeatedly refusing to promote her based on race despite her being the best qualified candidate for the vacancies being filled at the time.

85. Summerlin, White, Lutz and possibly others failed to follow published State of Alabama personnel board polices and procedures for filling vacancies within ADEM when they repeatedly failed to interview and or promote Plaintiff to the vacancies she applied for and was qualified for made subject of this complaint based on her race.

86. Defendant ADEM through its Agents Susan Summerlin, Aubrey White, Daphne Lutz and possibly other employees discriminated against the Plaintiff based on her race because they did not exercise reasonable care to prevent or promptly correct the discriminatory conduct, even though Plaintiff put defendant on notice that she was being discriminated against based on her race (Black) when she was repeatedly denied the promotions she applied for subject of this complaint.

87. ADEM also failed to properly investigate and correct the discriminatory racial harassment and a hostile work environment based on her race despite being previously

put on notice of the racially discriminatory and unlawful conduct at ADEM by Plaintiff including face to face complaints and filing an EEOC complaint in this matter.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of a judgment against Defendant ADEM pursuant to an order awarding:

a. Compensatory damages to be determined by the trier of fact;

b. Nominal damages to be determined by the trier of fact;

c. Punitive damages to be determined by the trier of fact;

d. Declaratory and injunctive relief;

e. That relief which is fair, just and equitable under the circumstances of the case;

f. Reasonable attorneys' fees; and

g. The costs of this suit.

## COUNT II – VIOLATION 42 U.S.C. § 1981 RIGHT TO CONTRACT

88. Plaintiff adopts paragraphs 1-71 and 75-87 in support of this count as if fully incorporated herein.

89. Defendant ADEM violated Plaintiff Laura Maryland's right to enter into and enforce employment contract provisions like white citizens to be promoted to higher positions within ADEM when she met all the requirements for the promotions at the time and race was a factor Defendant considered and used in denying her those promotions at the time.

90. Defendant violated Plaintiff Maryland's Constitutional rights under 42 U.S.C. Section 1981 by denying her the right to be promoted like white citizens to positions she was clearly qualified for and the best candidate at all times relative this complaint.

91. Defendant denied Plaintiff's right to contract for promotions at ADEM by unlawfully

refusing to fairly consider her for promotion without racial bias preventing her from enforcing her employment contract with ADEM for all the positions made subject of this complaint.

92. Defendant violated Plaintiff Laura Maryland's right to enter into and enforce her employment contract provisions with ADEM like white citizens by denying her the equal right to be promoted to vacancies for which she was imminently qualified during all times relevant to this complaint.

93. Defendants further violated Plaintiff Laura Maryland's rights to contract like white citizens by refusing to pay her for accrued annual and sick leave and other benefits after her constructive discharge.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of a judgment against Defendant ADEM pursuant to an order awarding:

a. Compensatory damages to be determined by the trier of fact;

b. Nominal damages to be determined by the trier of fact;

c. Punitive damages to be determined by the trier of fact;

d. Declaratory and injunctive relief;

e. That relief which is fair, just and equitable under the circumstances of the case;

f. Reasonable attorney's fees; and

g. The costs of this suit.

## COUNT III – VIOLATION THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTIONS RIGHT TO EQUAL TREATMENT UNDER THE LAW PURSUANT TO 42 U.S.C. §1983.

94.    Plaintiff adopts paragraphs 75-87 and 88-93 in support of this count as if fully incorporated herein.

95.    Susan Summerlin, Aubrey White, and Daphne Lutz and possibly others were supervisors and decision makers when they deprived plaintiff of her right to Equal Treatment under the Fourteenth Amendment to the U.S. Constitution in violation of *42 U.S.C. §1983*.

96.     Susan Summerlin, Aubrey White, and Daphne Lutz and possibly others were acting under color of the laws and regulations of the State of Alabama when they refused to promote Plaintiff Laura Maryland to any of the positions she applied and was qualified for as set out in this complaint.

97.    Defendant denied Plaintiff her right to Equal Treatment under Federal law and in violation of the States's personnel policies and procedures regarding fair supervision and support from her supervisors and prohibiting excess scrutiny and harassment on the job like it affords other employees outside Plaintiff's race, age, and sex.

98.     Plaintiff's Fourteenth Amendment right to equal treatment under the law was violated when Defendants constructively discharged her in August of 2024.

99.     Plaintiff's constitutionally protected right under the Fourteenth Amendment to equal treatment under the law was violated when Defendants failed to respond to her requests to investigate the harassment she was subjected to by ADEM engineer Compton.

100.    Plaintiff's constitutionally protected right under the Fourteenth Amendment to equal

treatment under the law was violated when Defendants failed to respond to her requests to investigate her repeated denial of promotions to the vacant positions she applied for and was qualified for that are the basis for this complaint.

101. Additionally several of the selectees who received the promotions Plaintiff also applied for had to be trained in the positions they assumed by Plaintiff because of Plaintiff's superior knowledge and experience related to these same positions she was denied, based on discrimination and denial of equal treatment under the 14th Amendment of the U.S. Constitution.

102. Plaintiff's protected rights to equal treatment under the Fourteenth Amendment pursuant to 42 U.S.C. §1983 to collect accrued earned leave upon her separation from ADEM in August of 2024 was also denied by Defendant.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of a judgment against Defendant ADEM pursuant to an order awarding:

a. Compensatory damages to be determined by the trier of fact;

b. Nominal damages to be determined by the trier of fact;

c. Punitive damages to be determined by the trier of fact;

d. Declaratory and injunctive relief;

e. That relief which is fair, just and equitable under the circumstances of the case;

f. Reasonable attorney's fees; and

g. The costs of this suit.

## COUNT IV – VIOLATION AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), 29 U.S.C. §623 et seq., including incorporated provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.

103.    Plaintiff adopts paragraphs 1-70,76 and 97 in support of this count as if fully incorporated herein.

104.    Defendant intentionally discriminated against Plaintiff Maryland because of her age in violation of the ADEA through the intentional acts of Supervisors and Susan Summerlin, Aubrey White, and Daphne Lutz and possibly others. Additionally, plaintiff Maryland 's supervisors, empowered by Defendant, took repeated tangible adverse employment actions against Plaintiff Maryland based on her age.

105.    Defendant intentionally discriminated against Plaintiff Maryland because of her age by removing duties she was previously responsible for and transferring them to an individual under the age of forty (40).

106.    Defendant also simultaneously subjected Plaintiff to excess scrutiny and lowered annual evaluations based on her age in violation of Title VII and the ADEA.

107.    Defendant ADEM intentionally discriminated against Plaintiff Maryland because of her age in violation of Title VII and the ADEA by repeatedly denying her opportunities for promotions she was qualified for in favor of younger employee under the age of forty (40).

108.    Defendant ADEM intentionally discriminated against Plaintiff Maryland because of her age in violation of Title VII and the ADEA by subjecting her to excess unfair scrutiny

daily, removing some of her duties without cause, harassing her, and interfering with her performance of her duties.

109. Defendant ADEM intentionally discriminated against Plaintiff Maryland because of her age, violating Title VII and the ADEA by giving her a lowered and otherwise inaccurate performance evaluation from what she had received in the past.

110. Defendant ADEM and its Agents and Supervisors used these discriminatory employment practices in violation of Title VII and the Age Discrimination in Employment Act, 29 U.S.C. §626 and the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.

111. As alleged above, Defendant's conduct constitutes discrimination based on age discrimination in violation of ADEA. Defendants conduct evidences a discriminatory animus based on Plaintiff Maryland 's age.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a. Compensation for the position(s) in which she would have worked absent defendant ADEM's discriminatory treatment as Front Pay;

b. Back Pay for the salary, promotions, opportunities for advancement, and benefits she was denied based on her age;

c. Pre-judgment and post-judgment interest;

d. Attorneys' fees; Costs; Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

e. Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, and embarrassment, in the past and future; and such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of

TITLE VII and the ADEA and Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. or other relief to which she may be entitled.

f.      Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of TITLE VII the ADEA and the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. or other relief to which she may be entitled.

## COUNT V : TITLE VII, ADEA RETALIATION - 42 USC § 2000E-3(a), 29 U.S.C. §623(d) AGAINST ADEM

112.    Plaintiff adopts paragraphs 63-74 in support of this count as if fully incorporated herein

113.    Following Plaintiff Maryland 's complaints to her supervisors regarding the treatment described above, Defendants, through the intentional acts of Supervisors Susan Summerlin, Aubrey White, and Daphne Lutz and possibly other supervisors and decision makers, subjected Plaintiff Maryland  to verbal harassment, excessive scrutiny and observation, retaliation and a hostile work environment based on her age and prior EEO activity.

114.    Defendant ADEM's discrimination and retaliation against Plaintiff Maryland increased after she complained to Supervisor Aubrey Whiteon about January 13, 2023 about the ongoing discrimination and retaliation she was experiencing up to that date.

115.    Defendant, through the intentional acts of Supervisors Susan Summerlin, Aubrey White, and Daphne Lutz and possibly other supervisors and decision makers, intentionally discriminated against Plaintiff Maryland  because of her age and prior protected activity by reassigning her duties without legal cause and attempting to falsely claim she had

inferior qualifications and attempting to set her up for failure and eventual termination in violation of Title VII and the ADEA.

116. Defendant ADEM intentionally discriminated against Plaintiff Maryland because of her age and prior protected activity in violation of The ADEA and Title VII by subjecting her to excess scrutiny and false claims of lack of professional expertise in her job based on false allegations by Compton and her supervisors.

117. Defendant Adam intentionally discriminated against Plaintiff Maryland because of her age and prior protected activity in violation of The ADEA and Title VII by refusing to interview her for promotions within ADEM she was clearly qualified for and eligible for without a legal basis and outside the Rules and regulations of the State of Alabama personnel board in its published handbook.

118. Defendant ADEM intentionally discriminated against Plaintiff Maryland because of her age and prior EEO activity in violation of The ADEA and Title VII by harassing her and interfering with her performance of her daily duties.

119. Defendant Adam intentionally discriminated against Plaintiff Maryland because of her age and prior EEO activity in violation of the ADEA and Title VII by giving her an inaccurate lowered performance evaluation not reflective of her excellence and outstanding contributions to ADEM.

120. Defendant used these discriminatory employment practices in violation of Title VII and the Age Discrimination in Employment Act, 29 U.S.C. §626.

121. As alleged above, the Defendants' conduct constitutes retaliation and reprisal against Plaintiff Maryland because she engaged in ongoing activities protected by Title VII of the Civil Rights Act and the ADEA.

122. Plaintiff Maryland was subjected to this prohibited treatment because of her age and prior protected activity.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.    Compensation for the position(s) in which she would have worked absent defendant ADEM's discriminatory treatment as Front Pay;

b.    Back Pay for the salary, promotions, opportunities for advancement, and benefits she was denied based on her age and prior protected EEO activity.

c.    Pre-judgment and post-judgment interest;

d.    Attorneys' fees; Costs; Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k);

e.    Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, and embarrassment, in the past and future; and Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of TITLE VII and the ADEA or other relief to which she may be entitled; and

f.    Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of TITLE VII and the ADEA or to which she may be entitled.

## COUNT VI: TITLE VII 42 U.S.C. § 2000E-3(a) – HOSTILE WORK ENVIRONMENT AGAINST ADEM

123.    The foregoing paragraphs 112-122 are re-alleged and incorporated by reference herein.

124.    Through the intentional acts of Supervisors Susan Summerlin, Aubrey White, and Daphne Lutz and possibly others, Plaintiff Maryland 's supervisors and Defendant

ADEM discriminated against Plaintiff Maryland by subjecting her to a hostile working environment.

125.    From her first complaint, Defendants regularly and continuously made false claims about her performance and expertise in her specialized area of work including but not limited to her qualifications for the promotions made subject of this complaint.

126.    Plaintiff Maryland was without just cause or explanation, removed from prior duties and responsibilities for the LEAD and Copper program and her duties related to daycare and lead testing programs as well.

127.    Defendant ADEM ignored and diverged from State Personnel Board rules, regulations, and policies for promotions and changing job assignments and responsibilities after Plaintiff Maryland complained of discrimination to her supervisors which substantially interfered with Maryland's career, upward mobility at ADEM and promotions and performance of her daily duties and responsibilities.

128.    Defendant ADEM, through the intentional acts of Supervisors Susan Summerlin, Aubrey White, and Daphne Lutz and possibly other decision makers, discriminated against Plaintiff and subjected her to a hostile work environment by allowing her to be harassed and demeaned and her integrity denigrated by Compton and others and failing to investigate her claims of harassment and discrimination at all times relevant to this complaint.

129.    Without a legal or factual basis for these adverse actions, Defendant ADEM deliberately interfered with Maryland 's ability to have a workplace free of intimidation and interference with her work performance, and promotional opportunities which created a

tangible and pervasive hostile work environment for her and not others outside her protected characteristics.

130. Defendant ADEM intentionally discriminated against and harassed Plaintiff daily, creating a hostile work environment because of her age, sex, race, and prior EEO activity, by repeatedly denying her opportunities for advancement and the increased income, benefits and professional advancement afforded other employees outside her protected characteristics at the Agency.

131. Defendant ADEM intentionally discriminated against Plaintiff Maryland and subjected her to a hostile work environment by subjecting her to unfair scrutiny daily, taking duties away indiscriminately, harassing her, interfering with the performance of her daily duties, and giving her unfairly unrepresentative performance evaluations prior to her constructive discharge from the Agency.

132. Defendant used these discriminatory employment practices based on Plaintiffs sex (Female), race (Black), age (over Forty), and her prior protected activity, to subject Plaintiff Maryland to a hostile work environment in violation of Title VII and the Age Discrimination in Employment Act, 29 U.S.C. §626.

133. These deliberate and pervasive acts of harassment and intimidation combined to create an ongoing hostile work environment during all times relevant to this complaint that negatively affected Maryland's mental and physical health up until her constructive discharge August of 2024.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a. Compensation for the position(s) in which she would have worked absent defendant ADEM's discriminatory treatment as Front Pay;

b. Back Pay for the salary, promotions, opportunities for advancement, and benefits she was denied based on her race, age, sex, and prior protected activity.

c. Pre-judgment and post-judgment interest;

d. Attorneys' fees; Costs; Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k);

e. Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, unpaid accrued leave, mental anguish, emotional distress, and embarrassment, in the past and future; and Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of TITLE VII and the ADEA or other relief to which she may be entitled.

f. Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of TITLE VII and the ADEA or to which she may be entitled.

## COUNT VII: VIOLATION OF STATE LAW AND PERSONNEL BOARD RULES REGARDING MERIT PROMOTIONS AGAINST ADEM

134. The foregoing paragraphs 88-93 are re-alleged and incorporated by reference herein.

135. State jobs in the classified service are under the merit system.

136. The merit system is based on competition.

137. Positions must be filled on an equal opportunity basis.

138. ADEM violated the rules and regulations of the State of Alabama Personnel Board by failing to provide Plaintiff Maryland her right to equal opportunity in the awarding of the

jobs alleged in this complaint and excluding her from these promotions based on discrimination and retaliation.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.    Compensation for the position(s) in which she would have worked absent defendant ADEM's discriminatory treatment as Front Pay;

b.    Back Pay for the salary, promotions, opportunities for advancement, and benefits she was denied based on her race, age, sex, prior protected EEO activity and in violation of the State of Alabama's Personnel Board Rules and Regulations.

c.    Pre-judgment and post-judgment interest;

d.    Attorneys' fees; Costs; Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and or the laws and regulations of the state of Alabama;

e.    Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, unpaid accrued leave, mental anguish, emotional distress, and embarrassment, in the past and future; and Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of TITLE VII and the ADEA the State Personnel Board and or to which she may otherwise be entitled.

f.    Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of TITLE VII the ADEA the Laws of the State of Alabama or other relief to which she may otherwise be entitled.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted this 3rd day of June 2026.

TYRONE TOWNSEND (ASB-4782-t72t)
Townsend Law Firm
P O Box 2105
Birmingham, Alabama 35201
204 Main Street, Suite 109
Trussville, Alabama 35173
T: (205) 795-3050
F: (800) 410-8132
ty@townsend-lawfirm.com
*Attorney for the Plaintiff*

**PLAINTIFF'S ADDRESS**

LAURA TAYLOR MARYLAND
c/o Tyrone Townsend
Townsend Law Firm
204 Main Street, Suite 109
Trussville, Alabama 35173